JOHN MERCER, APPELLANT, VS. WILLIAM B. HOOKER, AP-
PELLEE.

1. Under the Act of March 15, 1844, Sec. 2, an execution is in force until satisfied; if a sheriff endorses any action thereon, it is not his duty to return the same to the clerk's office; nor does the writ thereby become inoperative, unless the same is satisfied.

2. In this State, by statute, a married woman may acquire a separate and independent title to both real and personal property, during coverture, by bequest, demise, gift, purchase or distribution, subject however, to the same becoming liable to the debts of the husband, unless an inventory thereof is filed and recorded, within six months from the time the title vests in her, as specified in the statute; the record of title papers particularly describing the property given to the separate use of a married woman, is a sufficient inventory and compliance with the statute.

3. The exclusion by the Circuit Court, of a bill of sale of a chattel to a married woman, because the execution thereof was not proved before it was recorded, was erroneous; but as it did not appear from the instrument that the property was to be the separate property of the wife, or by any evidence that it was paid for with the separate money of the wife, but purchased and paid for by the husband, it became his property, and subject to his debts, and therefore the party was not injured by the error of the Court in the exclusion of the evidence.

Appeal from a judgment of the Circuit Court for Hillsborough County. The facts of the case are sufficiently stated in the opinion of the Court.

*James Gettis* for appellant.

*J. T. Magbee* for appellee.

SEMMES, J.:

In this case, an execution in favor of William B. Hooker

against Edward T. Kendrick, issued in 1847, was levied on a horse, as the property of the defendant, and to which the appellant, John Mercer, interposed his claim.

Upon the trial of the issue in the Court below, the following facts appeared in evidence : In 1850, Kendrick purchased a bay horse of one Hagler, who at the request of Kendrick, executed a bill of sale to the wife of the latter.

Some few months thereafter, Kendrick traded this horse for the one in controversy, and shortly after sold the latter to one Cowart, who subsequently sold the same to the present claimant.

To support his claim in the Court below, the appellant relied mainly upon the alleged previous title of Mrs. Kendrick to the horse originally purchased, as well as the one in controversy.

It is unnecessary to notice specifically the several instructions given to the jury by the Court below, and to which the counsel for the appellant excepted.

The execution it appears, came to the hands of the sheriff in December, 1848, who afterwards endorsed upon it *" nulla bona."* Counsel are mistaken.in supposing that it was the duty of the sheriff, after having made his return, to deposite the execution in the clerk's office, or that the writ itself became inoperative after the endorsement. On the contrary, it was the duty of the sheriff to retain the writ in his hands, and it was by its very terms, in full force until *satisfied*. Thomp. Dig., 355. It created a lien upon the personal property of the defendant from the time it came to the hands of the sheriff, without respect to the rights of third persons, who may subsequently have acquired title to the same.

To establish the title originally in Mrs. Kendrick, it was not only necessary for the claimant to prove that the purchase was made for her and with her money, but that the

property was inventoried and recorded in the clerk's office of the Circuit Court within six months after said property was acquired by her.

In this State, married women may acquire a separate and independent title to both real and personal property during coverture, by bequest, demise, gift, purchase or distribution, subject, however, to the same becoming liable to the debts of her husband, unless an inventory thereof is recorded within six months from the time the title vests in her. Thomp. Dig., 221. The record, however, of title papers particularly describing the property, is a sufficient inventory and compliance with the statute.

The Court below was right in deciding that the husband and wife should join in all sales, transfers and conveyances of the separate property of the latter. Thomp. Dig., 221.

The exclusion by the Court of the bill of sale, as evidence, because its execution had not been proved before it was admitted to record, is clearly erroneous, because there was no necessity of its being recorded. But this ruling cannot affect the judgment below, inasmuch as the claimant was not damnified thereby. It does not appear from the bill of sale, that the horse was the separate property of Mrs. Kendrick; on the contrary, it appears from the evidence that the property was purchased and paid for by the husband, there being no evidence that the money was that of the wife.

These points embrace all the rulings of the Court below upon the trial of the cause, and with the exception stated, we are not disposed to overrule them. They are made in conformity with our statute, and we see no reason to doubt their correctness.

Judgment below affirmed.