MINNIE I. SMITH, *Appellant,* vs. J. A. METZLER and ELIZ-
ABETH METZLER, his wife; FRED SMITH and ELLA B.
SMITH, his wife; AMY RIDGLEY, a single woman; ADDI-
SON WHEELER, CITIZENS BANK & TRUST CO., a Corpor-
ation, and AMERICAN BANK & TRUST CO., a corporation,
*Appellees.*

139 So. 823.

Division A.

Opinion filed February 23, 1932.

*Wm. G. King* and *Merle E. Rudy,* for Appellant;
*Booth & Dickinson,* for Appellees.

PER CURIAM.—In this case Fred Smith and wife in
December, 1924, purchased a parcel of land from Metzler
and wife and assumed as a part of the purchase price the
payment of a $12,000.00 mortgage held by one Bryant and
also made and executed to Metzler a second mortgage to
secure the balance of the purchase price. The second mort-
gage contained, amongst other things, the following clause:

"It is expressly agreed by and between the parties
hereto that this mortgage is a Second Mortgage, and
is given subject to a First Mortgage of $12,000.00 in
favor of George W. Bryant. It is further agreed; If,
in the event a renewal is secured of the first mortgage
of $12,000.00 that the same shall remain a First Mort-
gage against the premises above described and that the
indebtedness herein secured shall be Second, and sub-
ject to the First Mortgage of $12,000.00, as though
the present mortgage had not been renewed. Intend-
ing by the foregoing that a new mortgage for
$12,000.00 may be taken as such renewal."

When the Bryant mortgage had been paid, probably
in full but certainly down to $2,000.00, the Smiths, in
April, 1928, and about a month after Metzler had begun
foreclosure proceedings, made a deal with Bryant and
one Minnie I. Smith whereby they made a new mort-
gage to Bryant for $12,000.00. Bryant endorsed the
notes without recourse and delivered them to Minnie I.
Smith, together with an assignment of the new mortgage,
and Minnie I. Smith delivered to Fred Smith and wife
cash and securities in the sum of $12,000.00, or probably
in the sum of $12,000.00 less $2,000.00. There is evidence
to sustain either proposition in the record and the Chan-
cellor evidently found the former proposition to have
been established. The Metzlers filed suit to foreclose
their second mortgage and, by amendment, included as
defendants all necessary parties and the parties now be-
fore this Court. Fred Smith and wife filed answer, as
did also Minnie I. Smith. (It appears that Minnie I.
Smith is not related to Fred Smith and wife).

Replication was filed to the answers.

The issues presented were whether or not the last
mortgage made by the Smiths to Bryant and immediately
transferred by him to Minnie I. Smith was a renewal of
the original Bryant mortgage as contemplated by the
provisions above quoted contained in the mortgage from
Fred Smith and wife to the Metzlers and was, therefore,
prior in dignity to the Metzler mortgage. The Chancel-
lor held that it was not. The evidence shows conclusively
that the mortgage executed by Fred Smith and wife to
Bryant was for the purpose of procuring from Minnie I.
Smith money and securities in the sum of $12,000.00,
though it may be that $2,000.00 of it was to go, and did
go, to Bryant to pay off the first mortgage. However,
at any rate, the new mortgage was made for a new and
entirely different consideration and there flowed to the

Smiths not only the satisfaction of the original mortgage but a large sum of money and valuable securities in addition thereto. It could in no sense be held to be a renewal of the original obligation.

It may be under the facts of the case that Minnie I. Smith could have established her right to subrogation to the lien of the original Bryant mortgage to the extent of $2,000.00 but certainly she could have done no more than that and this she did not attempt to do.

A careful perusal of the record discloses no reversible error. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.