THEO HIRSCH, substituted Complainant for Hirsch-Fauth Furniture Co., v. LINCOLN SECURITIES Co., *et al.*

160 So. 12.
Opinion filed September 10, 1934.
On Rehearing January 18, 1935.

*Bryant & Pittman,* for Appellant;

*Mitchell D. Price, Charles W. Zaring, Robert S. Florence & A. M. Reder,* for Appellees.

PER CURIAM.—In foreclosure proceedings Hirsch-Fauth Furniture Company, a Florida corporation, in its original and amended bills of complaint sought the foreclosure, as a first lien, of a mortgage encumbering a certain lot in Lincoln Subdivision of Dade County.

Sol Meyer, Ferd S. Meyer and J. J. Kiser, individually and as Trustees, Meyer-Kiser Corporation of Florida, Puritan Investment Corporation, and Albatross Apartments Corporation, in their answer and amended answer to the bill of complaint, denied that complainant had any claim to the property superior to the rights of Ferd S. Meyer and J. J. Kiser, as Trustees, and of Alabtross Apartments Corporation, and in addition thereto set up the allegation that under date of September 25, 1925, Lincoln Securities Company executed in favor of Sol Meyer and J. J. Kiser, as Trustees, a certain mortgage or deed of trust to secure a bond issue of $60,000.00, which said bonds were sold by the named Trustees and the proceeds derived from said sale used to construct a building upon the lands in controversy. It was further alleged that on the same day said Lincoln Securities Company executed and delivered to Meyer-Kiser Corporation of Florida, a second mortgage or deed of trust to secure the payment of a series of notes aggregating $30,000.00, which fund was likewise used in the erection and completion of said building; that such second mortgage was in the summer of 1927 duly assigned to J. J. Kiser and Ferd S. Meyer, as Trustees.

Under date of September 30, 1927, Sol Meyer and J. J. Kiser, as Trustees under the first or $60,000.00 deed of trust, filed a bill in the Circuit Court to foreclose same.

On March 1, 1928, Ferd S. Meyer and J. J. Kiser, as Trustees, filed their bill to foreclose the second or $30,000.00 mortgage. The latter suit was dismissed without prejudice and a compromise agreement entered into under the terms of which Lincoln Securities Company for a consideration of $5,000 conveyed the premises to Puritan Investment Company, subject to the first mortgage.

Puritan Investment Company conveyed the property to Albatross Apartments Corporation subject to the two mortgages and deeds of trust, aggregating $90,000.00, and subject further to certain liens for labor and material asserted by certain named contractors and subject further to taxes and assessments for municipal improvements.

On the same day the title to the real estate became vested in Albatross Apartments Corporation, that corporation executed and delivered three certain purchase money mortgages and deeds of trust as follows: (1) $75,000.00 mortgage in favor of J. J. Kiser and Ferd S. Meyer; $35,000.00 mortgage in favor of J. J. Kiser and Ferd S. Meyer; (3) $35,000.00 mortgage in favor of J. J. Kiser and Ferd S. Meyer. After Albatross Apartments Corporation delivered to J. J. Kiser and Ferd S. Meyer, as Trustees, the $75,000.00 mortgage, a satisfaction of the $60,000.00 mortgage and deed of trust was placed on record. Afterwards the $30,000.00 mortgage, the lien for labor and material, together with all taxes due and payable at the time the property was conveyed to Albatross Apartments Corporation were duly released of record, and the three mortgages executed by said Albatross Apartments Corporation in favor of said Ferd S. Meyer and J. J. Kiser, as Trustees, are alleged to have been substituted in lieu thereof.

The general master to whom the case was referred, found that Albatross Apartments Corporation, as record title

holder, had implied actual knowledge of complainant's unrecorded third mortgage which was sought to be foreclosed in this suit at the time it took title, and that it was not an innocent purchaser for value, without notice of complainant's rights in the premises. The master further held that said Albatross Apartments Corporation was simply a corporate dummy, created by the said Trustees for the sole and only purpose of taking the naked title to the premises involved in this litigation and in turn encumbering the fee to the extent of $145,000.00 by means of the three mortgages hereinbefore mentioned.

Accordingly the master found, as a matter of law, that the mortgages named in the three new mortgages executed by Albatross Apartments Corporation to J. J. Kiser and Ferd S. Meyer could not be subrogated to the rights once held originally by Sol Meyer and J. J. Kiser, as Trustees, under the $60,000.00 deed of trust, nor could they be legally subrogated to the rights originally held by Meyer-Kiser Corporation of Florida, the holder of the $30,000.00 second mortgage. This conclusion was reached by the master, as he stated in his report, largely because the facts of the transaction revealed that the substituted indebtedness was largely in excess of that of the original $60,000.00 and $30,000.00 mortgages; the mortgagor was a different individual entity; and a material discrepancy in those named as mortgagees appeared in the three new mortgages, as compared with the two original mortgages.

The master's finding that the complainant below, Hirsch-Fauth Furniture Company, was the holder of the valid subsisting first lien against the premises in controversy was reversed by the Chancellor who entered a contrary final decree. It is that final decree which is now before the Court on appeal by the Hirsch-Fauth Furniture Company.

A majority of the Court are of the opinion that the Chancellor was in error in setting aside the findings of law and fact reported by the master in chancery and that the report of the master in chancery as rendered by him should have been confirmed by the Chancellor and the exceptions thereto overruled.

Accordingly the final decree is reversed with directions to enter a final decree in accordance with the findings of the master.

DAVIS, C. J., and ELLIS, BROWN and BUFORD, J. J., concur.

WHITFIELD, and TERRELL, J. J., dissent.

## ON REHEARING

PER CURIAM.—This Court having been divided on its first opinion in this case filed herein on September 10, 1934, whereby the decree of the lower court was reversed and the Chancellor directed to enter a final decree in accordance with the findings of the general master, a rehearing was granted and a reargument of the whole controversy had before the Court *en banc* in order that it might be determined whether or not, as alleged in the petition for rehearing filed by the appellee, this court in deciding this case as it did on its first hearing, has overlooked or departed from the established authorities and precedents of this jurisdiction relating to the doctrine of subrogation. A reconsideration of this appeal in the light of what has been urged in argument on rehearing has failed to convince a majority of the court that any departure should be made from the views previously expressed in the majority opinion of this court in this case.

Subrogation, as an equitable right, is not capable of being so asserted as to work inequitable consequences to innocent

third party lien-holders whose rights are entitled to protection against being wiped out by an attempted manipulation of dummy corporations in such manner as to permit first mortgagees to twice use and apply their mortgage debt—once as a part of the purchase price of the mortgaged land to which they take title and then again as a prior lien on the land for the purpose of defeating the outstanding rights of an intervening mortgagee as to whom the prior mortgages have been extinguished by payment so as to·make the intervening mortgage a superior lien to new mortgages and a deed to dummy corporation mortgagors.

A mortgagee, knowing of the existence of a later mortgage, will not be permitted to directly acquire from the mortgagor the title to the property, using as the greater part of the purchase price his own first notes and mortgage, and later set up his notes and mortgage as a bar to the later mortgage, when the holder of the later mortgage attempts to assert his rights as a superior lien on the land as against the owner who acquired title with knowledge of the unsatisfied outstanding later mortgage. See Hilton v. Northern Central Trust Company, 114 Fla. 796, 154 Sou. Rep. 328; Smith v. Metzler, 104 Fla. 315, 139 Sou. Rep. 823; Thompson on Real Property, Vol. 5, Sec. 4264; 1 Jones on Mortgages, Par. 738, and cases there cited.

In a case such as this, equity will not permit a first mortgagee to escape the burdens of a transaction wholly favorable to his own interests, by attempting to shield himself from the ordinary legal consequences of what he intended to do, by resorting to the use of dummy corporations and the making of what purports to be other mortgages in lieu of and in substitution of the original ones which have been satisfied and discharged as part of the mortgagee's transaction with his own mortgagor, so as to defeat the exaltation

of a later mortgage to a first position that would otherwise be the case. "In equity the conception of a corporate entity is used merely as a formula for working out the rights and equities of the real parties in interest." Morawetz on Private Corporations, par. 227. And see Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 Sou. Rep. 560, Home Fire Ins. Co. v. Barber, 67 Neb. 644, 93 N. W. 1024; 60 LRA 927; Swift v. Smith 65 Md. 428, 5 Atl. 524; Buie v. Chicago R. I. & P. R. Co., 95 Tex. 51, 65 S. W. Rep. 27; 55 LRA 861; Milbrath v. State, 138 Wis. 354, 120 N. W. 252, 131 ASR 1012; In re Scrimger's Estate, 188 Cal. 158, 206 Pac. 65; Ayer & Lord Tie Co. v. Commonwealth 208 Ky. 606, 271 S. W. 693.

The appellees in this case could not have directly taken the title in themselves after first arranging for the satisfaction of their prior mortgages as part of the consideration for the transaction and then when sued by the later mortgagee have set up the satisfied first mortgages as a bar to the third which had been by the cancellation of the earlier mortgages elevated to first position, and they cannot do so indirectly by using the names of dummy corporations apparently organized for the purpose of destroying the identity of the holder of the legal title with that of the first mortgagees. Clermont-Minneola Country Club, Inc., v. Coupland, 143 Sou. Rep. 133, 106 Fla. 111.

If the conclusions the master arrived at, and which we approved in our first opinion, are correct, as we hold that they are, on the question of notice and the fact that the corporations are dummy corporations, then the allowance of subrogation to appellees in this case as against the appellant third mortgagee would amount to the grossest injustice and thereby violate all principles of equity and justice—a

thing that is never allowed in order to sustain a claim of subrogation.

In the present case the situation is simply that of joint holders of a first and second mortgage, who affected a compromise with their mortgagor whereby the property was sold and conveyed to a corporation organized by the mortgagees for that express purpose, with the understanding that in consideration thereof, together with a large sum paid to the mortgagor, the mortgagor's obligations would be cancelled and surrendered, and satisfied of record, which was done; thereafter, when the new corporation had executed three new mortgages, aggregating a much larger sum, to one of the first mortgagees and the nominee of the other, the first of which mortgages contained a clause that it is in lieu and substitution of the original first mortgage, the officers and organizers of the new corporation being employees of the mortgagees, who had implied actual notice, if not actual notice, of an unrecorded third mortgage on the same property at the time, it attempted to be claimed under the cloak of the doctrine of conventional subrogation that as against the third mortgagee the legal effect of the transactions had between the holders of the first and second mortgagees with the mortgagor whereby the title was sold and conveyed as a part of the transaction in consideration of the cancellation of the first two mortgages, is not to extinguish the original mortgages but is to continue the lien thereof a superior lien to that of the third mortgagee, despite the fact that the first mortgages have been duly satisfied of record. A majority of the Court agree with the general master below that under such circumstances the doctrine of conventional subrogation is not applicable. Boley v. Daniel, 72 Fla. 121, 72 Sou. Rep. 644, LRA 1917A 734.

The opinion and judgment of this Court entered and filed:

herein on September 10, 1934, as explained and supplemented by this opinion on rehearing, is therefore reinstated and adhered to as the judgment of this Court on rehearing, mandate to issue in accordance herewith in due course under the rule.

ELLIS, BROWN, BUFORD, and DAVIS, J. J., concur.

WHITFIELD, C. J., and TERRELL, J., dissent.