**J. N. HUTTIG, (Plaintiff Below), v. R. C. HUFFMAN, (Defendant Below), R. C. HUFFMAN CONSTRUCTION COMPANY, an Ohio Corporation, (Third Party Claimant).**

9 So. (2nd) 506          Special Division A

July 21, 1942       Rehearing Denied September 15, 1942

C. Arthur Yergey and G. P. Garrett, for appellant.

Hyzer & Padgett, Inman Padgett and Thomas H. Teasley, for appellees.

BUFORD, J.:

Appeal brings for review judgment in favor of third party claimant in a suit where execution was levied on a boat as the property of judgment debtor and which claim of title and right of possession of the boat was claimed by a corporation of which the judgment debtor was president.

The record shows that the boat was the property of the claimant, an Ohio corporation. The record also shows that the corporation was organized long prior to the creation of the obligation which is the basis of the judgment and that the judgment debtor has not owned more than one share of stock in the Ohio corporation since 1932. There is no evidence to the contrary.

It is the contention of appellant that the majority of the stock of the corporation is held in the name of Hazel B. Huffman, the wife of R. C. Huffman, the judgment debtor, but that she holds the same in trust

for the judgment debtor, and that the third party claimant is the alter ego of the judgment debtor.

The evidence shows that the majority stock of the corporation is owned by Hazel B. Huffman and that she furnished the consideration which paid for the same.

Section 1 of Article XI of our Constitution provides:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the·debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women."

In this case, however, the title to the corporate stock is not in issue. No corporate stock has been levied on. The matter in question is the ownership of the boat which was levied on. No fraud in the creation of the corporation has been alleged or proved. No fraud in the purchase of the boat with funds of and in the name of the corporation is shown.

It appears to us that none of the cases cited by counsel are applicable here.

Appellant relies on the cases of Mercer v. Hooker, 5 Fla. 277, and Craig v. Gamble, 5 Fla. 430, for support of the contention that the property here involved is subject to execution. We have carefully considered these cases and find them to be not in point.

The question here presented is whether the boat on which execution is levied is the property of the third party claimant and that it is so is not only proved, but is admitted, but it is contended that such ownership is in law the ownership of the judgment debtor. Now,

if the bona fides of the existence of the corporation as a separate entity is to be attacked, it must be in a court of equity, giving all interested parties the opportunity to be heard.

In 13 Am. Juris. 160, Sec. 7, we find:

"The doctrine that a corporation is a legal entity existing separate and apart from the persons composing it is a legal theory introduced for purposes of convenience and to subserve the ends of justice. The concept cannot, therefore, be extended to a point beyond its reason and policy, and when invoked in support of an end subversive of this policy, will be disregarded by the courts. Thus, in an appropriate case and in furtherance of the ends of justice, a corporation and the individual or individuals owning all its stock and assets will be treated as identical, the corporate entity being disregarded where used as a cloak or cover for fraud or illegality.

"Where a corporation is proceeding at law or where it is asserting a title to property or the title to property is involved, the corporation is regarded as a person separate and distinct from its stockholders or any or all of them; but where it is proceeding in equity to assert rights of an equitable nature or is seeking relief on rules or principles of equity, a court of equity will not forget that the stockholders are the real and substantial beneficiaries of a recovery, and if the stockholders have no standing in equity, and are not equitably entitled to the remedy sought to be enforced by the corporation in their behalf, the corporation will.not be permitted to recover. Corporate existence as an entity distinct from its members may be ignored in order to circumvent the fraudulent purpose of the shareholders in its organization or

management. Nevertheless, the organization of a corporation for the avowed purpose of avoiding personal responsibility does not in itself constitute fraud justifying the disregard of the corporate entity." (See authorities cited under text).

In the instant case neither Hazel B. Huffman nor any other stockholders in the corporation, except R. C. Huffman, are parties. For the court in this case to determine that Hazel B. Huffman holds the majority of the stock in the corporation as Trustee for her husband without having her brought into court would be to entirely disregard due process of law and could not affect her rights nor confer any rights adverse to her.

It is well settled that the court must decline to dissolve or terminate a trust where there may be persons interested therein who are not before the court. See Byers, et al., v. Beddow, 106 Fla. 166, 142 Sou. 894.

So it is that where it is sought to have an adjudication that property held by one prima facie in his own right is in fact held in trust for another, the alleged trustee is a necessary party to the suit.

Having reached this conclusion, it is not necessary for us to discuss any other questions presented.

The judgment should be affirmed.

So ordered.

Affirmed.

BROWN, C. J., WHITFIELD and THOMAS, JJ., concur.