**DAVID SWERDLOW v. MINNIE BAWER SWERDLOW**

20 So. (2nd) 337                                    June Term, 1944
December 8, 1944                                Special Division B
Rehearing denied January 9, 1945

*Miller & Fitzsimmons,* for appellant.

*Price & Price,* for appellee.

BUFORD, C. J.:

Appeal brings for review final decree of divorce and touching settlement of property rights between the parties. No

reversible error is made to appeal but it is unclear that the right and title of appellant (defendant below) in certain property is definitely determined and decreed. In the decree it is, inter alia, adjudged:

"4. That the complainant, Minnie Bawer Swerdlow, is entitled to a lien for moneys advanced unto the defendant, David Swerdlow, upon that certain property situate, lying and being in the County of Broward and State of Florida and more particularly described as follows, to-wit:

"Lot 74 of Hollywood Lawns according to plat thereof filed for record and recorded in Plat Book 2 at page 58 of the Public Records of Broward County, Florida, for the sum of $1,183.74, together with interest thereon from the 3rd day of July 1943, at eight percent (8%) per annum, and the defendant be and he is hereby required to pay over to the said complainant the said sum of $1,183.74 forthwith, together with interest thereon, and that in default of the payment of said sum of money that C. L. Chancey, a practicing attorney of this Court, be and he is appointed special master to take charge of said property and sell the same at public auction after giving thirty (30) days notice of the time and place of said sale, said sale to be upon a Rule Day and said notice to be not less than four continuous weeks prior to said sale; that from the proceeds of said sale the said master shall pay first the costs of these proceedings and second the amount due to the complainant for principal and interest, as hereinbefore set forth; that in the event there is a surplus then remaining in the hands of said master, that he shall pay the same into the register of this Court to abide such other or further orders as may be made herein; that in the event there is an insufficent sum derived from the sale of said property to pay all costs, principal and interest, as aforesaid, then and under such circumstances the complainant shall have a deficiency judgment against the said defendant for said sum or sums as may then remain due and unpaid for principal, interest and costs."

This paragraph of the decree should have gone further and provided:

"If, however, the defendant, David Swerdlow, shall within thirty (30) days from the date hereof pay to the complainant the said sums of money herein required to discharge the aforesaid lien, then and thereupon the said complainant Minnie Bawer Swerdlow shall make, execute and deliver to the said defendant a good and sufficient quit-claim deed conveying all her right, title and interest in and to the property described in this paragraph 4 of this decree. If the said complainant shall fail or refuse to make, execute and deliver such quit-claim deed, then the said defendant may apply to this Court for a further order, judgment and decree touching the title to said property.

It is ordered that the final decree be so modified and amended and, upon being so modified and amended, it shall stand affirmed.

The cost of the transcript of the record in this case shall be ascertained by the court below and taxed one-half against each of the parties. All other costs shall be taxed against appellant.

So ordered.

BROWN, THOMAS and ADAMS, JJ., concur.

ON PETITION FOR REHEARING

PER CURIAM:

On petition for rehearing, we modify our former judgment filed herein on December 8, 1944, to require the court to amend the final decree of July 20, 1944 so as to decree the title to lot 75 Hollywood Lawns to be in David Swerdlow free from all claims of Minnie Bawer Swerdlow as to any interest therein, whereupon the said final decree as heretofore ordered modified by us shall stand affirmed.

Therefore, the petition for rehearing is denied.

So ordered.

CHAPMAN, C. J., BUFORD, BROWN, THOMAS and ADAMS, JJ., concur.