81 So.2d 734 (1955)
TRUEMAN FERTILIZER CO., a corporation, Plaintiff-Appellant,
v.
Ethel Mae ALLISON, as Administratrix of the Estate of Wise Perry, deceased, and as an heir of said Wise Perry, Defendants-Appellees.
Supreme Court of Florida En Banc.
July 29, 1955.
*735 Carroll Dunscombe, Stuart, for appellant.
J. Leo Chapman, West Palm Beach, for appellees.
TERRELL, Justice.
Trueman Fertilizer Co., a corporation, instituted this suit against defendants-appellees to foreclose a lien arising from *736 the redemption of tax sales certificates against the pertinent lands. The lien is based on subrogation account of appellant redeeming the tax sales certificates. The second amended complaint (the one involved here) alleges inter alia that Wise Perry died intestate in 1930; that an administrator of his estate was appointed but no inventory was filed, no accounting was made and so far as the record discloses, the estate was not administered. It is shown that appellant filed its claim against the estate of decedent based on notes due it by the deceased.
The second amended complaint also shows that among the assets of the estate was all the capital stock of Perry Realty Co. except one share, and that said company was dissolved in 1936 for failure to pay corporation stock tax. Distribution of assets of the corporation and the stock owned by the estate has not been made. It is further alleged that as a matter of law title to the lands of Perry Realty Company became vested in the administrator and later in defendant-administratrix. Taxes on the real estate owned by the dissolved corporation were not paid in 1938, consequently tax certificates were issued and sold in 1939. In August 1941, appellant's claim against the estate not having been paid, it purchased the tax certificates for $407.08 for the purpose of protecting its claim. In January 1950, appellant reduced its notes to judgment. Motions to dismiss the complaint and the amended complaints were granted without leave to amend. We are confronted with an appeal from this order.
The real point for determination is whether or not appellant had such an interest in the lands of the dissolved corporation as would entitle it under the theory of subrogation to redeem the tax certificates and not be classed as a mere volunteer without equitable remedy.
In his order denying relief, the chancellor gave the following negative answer to this question:
"It appears from the second amended complaint that plaintiff obtained a judgment against the estate of Wise Perry, the decedent, on January 21, 1950, and that said judgment was based upon the promissory notes upon which was based the claim filed by it against the estate of the said decedent in 1930. The allegations of the second amended complaint did not show that plaintiff, at the time of its redemption or payment of the tax certificates, held any security for the payment of the decedent's debt to it or its claim against his estate, nor that plaintiff had any title to or interest in the lands involved in this suit, nor that there was any agreement or request that plaintiff redeem the certificates nor is there any showing of right to subrogation by operation of law.
"Further, the second amended complaint shows that title to the lands involved in this suit is vested in Perry Realty Company, a corporation, that said corporation is now dissolved, that neither the said corporation or the said dissolved corporation or its last directors in their capacity as trustees of its assets were made parties to this suit.
"And further, it appears that although the tax certificates were redeemed by plaintiff in 1941, this suit was not brought until May 7, 1954, nearly fourteen years later."
In 50 Am.Jur., Sec. 22, under the subject of "Subrogation," it is said that "Generally speaking, the party making payment is a volunteer if, in so doing, he has no right or interest of his own to protect, and acts without obligation, moral or legal, and without being requested by anyone liable on the obligation." Section 23 points out, however, that "if he has any palpable interest which will be protected by the extinguishment of the debt, he may pay the debt and be entitled to hold and enforce it just as a creditor could. It would seem that one acting in good faith in making his payment, and under a reasonable belief that it is necessary to his protection, is entitled to subrogation, even though it turns out he had no interest to protect."
*737 In Florida and most other jurisdictions, it is settled law that one having an interest in real property by lien or in some other manner and is required to pay prior tax liens thereon to protect his interest is not a mere volunteer and is entitled to an equitable remedy against the person who should have paid the taxes. Prudential Ins. Co. of America v. Baylarian, 124 Fla. 259, 168 So. 7; Rives v. Anderson, 128 Fla. 794, 175 So. 897; Federal Land Bank of Columbia v. Brooks, 139 Fla. 506, 190 So. 737; Hollywood, Inc., v. Clark, 153 Fla. 501, 15 So.2d 175; Annotations in 91 A.L.R. 389-393 and 106 A.L.R. 1212-1227. See also 50 Am.Jur., Subrogation, Sec. 40, and Annotation 78 A.L.R. 611 and 612. Section 41, Subrogation, 50 Am.Jur., also enlightens the questions and details the general rule as to advances for benefit of decedent's estate.
The doctrine of subrogation is based upon the principle of natural justice and was created to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another. Federal Ins. Co. v. Tamiami Trail Tours, 5 Cir., 1941, 117 F.2d 794. Applying that rule here, one is driven to the conclusion that the claimant is entitled to be reimbursed by the holder of the beneficial title, and for that purpose he should in equity be entitled to a lien against that interest of decedent.
When Perry Realty Company was dissolved in 1936 for non-payment of the capital stock tax, the beneficial title to the corporation assets was vested in the stockholders with legal title in the directors as trustees. Section 9, Chapter 16880, Acts of 1935, F.S.A. § 610.18, the law in effect at that time. Neither the said act, nor the present governing act, F.S. § 608.30(6), F.S.A., places any limit on the time that the directors as trustees may hold title to the property. In this situation, it was the duty of the trustees to pay taxes on the real estate and in case of their failure to do so, that responsibility would fall on the stockholders, the holders of the beneficial title to the realty who were the administrator and the undisclosed holder of the one share of stock.
It is pertinent to point out that whoever held the stock certificate also held the beneficial title to the realty because the latter was attached to the former. It follows that the beneficial interest as such was not vested in the heirs-at-law of decedent as would be real estate owned by decedent at death; the administrator having nothing more than power to sell under court order when necessary to administer the estate. In Gasque v. Ball, 65 Fla. 383, 62 So. 215, the court held that at expiration of the corporation, the legal title passed under the law to the stockholders. Note the change in the law made by Chapter 16880, Acts of 1935. Had the legal and equitable title passed to the stockholders, the titles would have merged and the real property would have descended to the heirs-at-law pro tanto but it seems that under the latter act the equitable title passed to the stockholders while the legal title by operation of law was in the directors as trustees.
It appears that when appellant purchased the tax certificate, August 3, 1941, the stock certificate representing the beneficial interest was an asset of an estate not administered. Under the probate act in effect when appellant filed its claim, the appellant may not have acquired a lien on the assets of the estate but its claim was not extinguished. Neither was it extinguished by the statute of non-claims or the statute of limitations. Ramseyer v. Datson, 120 Fla. 414, 162 So. 904; Barnes v. Scott, 29 Fla. 285, 11 So. 48; Black v. Walker, 140 Fla. 48, 191 So. 25. See also Deans v. Wilcoxon, 25 Fla. 980, 7 So. 163. These cases point the rule that so long as the administrator was not discharged and the claim not denied or contested, the mere passage of time did not affect it. Under such circumstances, it would seem to follow that so long as the claim was unsatisfied, the claimant had an interest in the assets of the estate that would warrant its reimbursement for having paid the taxes to protect its equitable interest.
*738 The chancellor was of the view that since neither the dissolved corporation nor its board of directors in their capacity as trustees of the assets of the corporation were made parties defendant, the action should be dismissed. 30 F.S.A. Rule 1.17(a), Parties, 1954 Florida Rules of Civil Procedure, provides in part, "Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause." See also Sections 45.09, 45.10, F.S.A. Under such circumstances the chancellor, since the appellee had not answered, should have permitted the appellant to amend its complaint to include the additional parties defendant or ordered them made parties defendant upon service of process. We are, however, driven to the conclusion that naming of such persons as parties defendant can be dispensed with under the peculiar facts and circumstances of this case. There is, of course, the general rule that a trustee is an indispensable party in all proceedings affecting the estate. Winn v. Strickland, 34 Fla. 610, 16 So. 606; Wilson v. Russ, 17 Fla. 691; Griley v. Marion Mortgage Co., 132 Fla. 299, 182 So. 297. This rule is subject to the exception in a court of equity where the trustee is merely a passive one. 90 C.J.S., Trusts, § 366b (1); see also Deauville Corporation v. Blount, 157 Fla. 322, 25 So.2d 812, and Elvins v. Seestedt, 141 Fla. 266, 193 So. 54, 126 A.L.R. 1001. Moreover, in an appropriate case, in the furtherance of justice, a court of equity will not overlook that the stockholders are the real and substantial beneficiaries and under such circumstances, the court may ignore the corporate entity. Wofford v. Wofford, 129 Fla. 445, 176 So. 499; Third Avenue Co. v. Keely, 111 Fla. 46, 149 So. 30; Hirsch v. Lincoln Securities Co., 118 Fla. 164, 160 So. 12; Bellaire Securities Corporation v. Brown, 124 Fla. 47, 168 So. 625; Huttig v. Huffman, 151 Fla. 166, 9 So.2d 506. See also 13 Am.Jur., Corporations, Section 7. This rule should have special vitality under circumstances present here where the corporation has been dissolved many years, in 1936, and it is impractical to join the inactive trustees because the directors-trustees are either dead or unknown. Under such circumstances, the claimant is entitled to proceed against the beneficial title, if it so elects. There is no showing or suggestion that the parties named defendants are prejudiced by any such formal defect in the parties. See 67 C.J.S., Parties, § 143. Both the beneficial title and the legal title profited by appellant having paid the taxes.
The chancellor apparently felt that appellant was barred by laches from asserting its claim but under the circumstances the heirs-at-law are estopped to plead laches since account of their acquiescence the estate remained unadministered over the entire period, approximately fourteen years, and only recently have steps been taken to proceed under the probate act. Moreover the passage of time and nothing more does not activate laches. Johnson v. Atlantic G. & W.I. Transit Co., 156 U.S. 618, 15 S.Ct. 520, 531, 39 L.Ed. 556; Holliday v. Wade, 5 Cir., 1941, 117 F.2d 154; Bethea v. Langford, Fla. 1949, 45 So.2d 496. In addition, no injury to appellees is shown to have resulted from appellant's delay. Lightsey v. Lightsey, 150 Fla. 664, 8 So.2d 399; P.W. Wilkins & Co. v. Groves, 155 Fla. 279, 19 So.2d 834; Jumper Creek Drainage Dist. v. State ex rel. Davis, 155 Fla. 669, 21 So.2d 459.
In reaching this conclusion, we have not overlooked the allegations of law and fact advanced to force a different conclusion, but we are convinced that the equities compel a reversal of the decree appealed from. The judgment is accordingly reversed and remanded with directions to proceed in accordance with the views expressed herein.
Reversed and remanded.
DREW, C.J., and HOBSON, ROBERTS and THORNAL, JJ., concur.
THOMAS and SEBRING, JJ., dissent.