PEARSON, Judge.
Max Turk, the husband, was defendant in an action for divorce. He appeals from a final decree which granted a divorce to Gertrude L. Turk, the wife, and contained financial and property provisions for the benefit of the wife and minor children. Some of these provisions will be discussed later in particular. The husband directs his assignments to three provisions of the decree: (1) the allowance of $300 per month as alimony (no objection is made to the $500 per month child support provided), (2) the allowance of suit money and attorney’s fees, and (3) the declaration of the wife’s interest in jointly held property, which includes a provision that Max Turk purchase his wife’s stock in a family held corporation. The wife directs cross assignments to the amounts allowed: (1) for alimony, (2) for child support, and (3) for her interest in the jointly held property.
It is expedient to discuss first the objections raised to the allowances for alimony, child support, suit money and attorney’s fees. The husband urges that because of the wife’s financial ability, as demonstrated by the declaration of her interest in the jointly held property, she is not entitled to the allowances of alimony, suit money and attorney’s fees. The wife urges that the amounts of the alimony and the child support are not commensurate with the ability of the husband. We hold the chancellor correctly determined that the wife was entitled to each allowance and the amounts allowed are within the bounds of his discretion as determined by the .evidence before him.
The objections directed to that portion of the decree dealing with the ascertainment and settlement of the jointly owned property, present more difficult problems. The decree provides as follows:
“Gertrude L. Turk-owns an interest in Citizens Investment Corporation and its subsidiaries in the amount of $162,-491.59 and Max Turk is .ordered to pay said sum either in lump cash sum or by paying the sum of $20,000.00 per year to Gertrude L. Turk, together with interest at 6% per year until said sum has been paid. This amount, if paid in installments must be secured by notes of the Defendant, Max Turk, and Citizens Investment Corporation and its subsidiary companies together with a pledge as security for payment of said sum of all the capital stock of Citizens Investment Corporation and its subsidiaries. The stock certificates presently held by Gertrude L. Turk should be -endorsed and transferred to Max Turk. All of the stock certificates in said corporations should then be endorsed to show a lien on said certificates as security for the payment to Gertrude L. Turk. The first yearly payment must be paid within forty-five days from the date of this decree.”
*69 The chancellor set forth detailed findings ■upon which he based this provision.[1] The appellant fails to demonstrate that any of these findings are against the manifest weight of the evidence or that the chancellor applied an erroneous rule of law to the ultimate facts. Upon the other hand, substantial questions of law are raised as to the authority of the chancellor. Mr. Turk urges that the court had no power to require him to purchase his former wife’s stock, and that the court had no power to require Citizens Investment Corporation to sign and secure the notes which Mr. Turk was directed to give to his wife to evidence the unpaid balance on the purchase price of the stock.
The provision of the decree requiring Mr. Turk to purchase his wife’s stock was an exercise of the court’s power to adjust and settle property rights between the parties. A careful reading of the portion of the decree set forth in footnote [1] supra, will reveal that the chancellor found that Mrs. Turk’s ownership existed as a determinable interest prior to the divorce proceeding. The power to adjudicate and de-dare such rights is clear. Picchi v. Picchi, Fla.1958, 100 So.2d 627, 629.
The next inquiry logically is whether having determined that Mrs. Turk owned a 30.77% interest in the total proprietorship of the jointly owned corporation, the chancellor could do more than declare the interest, i. e., decree a method of the liquidation of her interest. It is well recognized that in adjudicating the property rights between the parties to a divorce action, a chancellor has only such jurisdiction over the property as is necessarily incident to the adjudication. See Tenny v. Tenny, 147 Fla. 672, 3 So.2d 375, 377. Therefore in a divorce action the chancellor has such equitable powers as are reasonably necessary to justly sever the jointly held property. See Swerdlow v. Swerdlow, 155 Fla. 327, 20 So.2d 337.
In the instant case the court was dealing with a corporation wholly owned by the parties. The evidence revealed that if the wife’s interest should be declared only, she would become a minority stockholder with a hostile majority stockholder. Un *70 der such circumstances the chancellor had the power to make the adjudication of property rights effective by a provision for the liquidation of the wife’s interest in the corporation wholly owned by the parties before him. As a means of accomplishment of this lawful purpose the chancellor was warranted in disregarding the corporate entity. See Kay v. Key West Development Co., Fla.1954, 72 So.2d 786, 47 A.L.R.2d 361; Hirsch v. Lincoln Securities Co., 118 Fla. 164, 160 So. 12; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 8, 148 So. 560; 1 Fletcher, Corporations § 46 (perm. ed. 1931).
We therefore hold that the court had the power to require Mr. Turk to purchase his former wife’s stock as a necessary incident to the adjustment of the property rights between the parties. See cases cited at 27B C.J.S. Divorce § 292(1), note 22. Inasmuch as the court of equity was acting within the scope of its prescribed powers, when it in effect held the Citizens Investment Corporation to be a nominal thing and the real controversy to be between husband and wife, that portion of the decree which required the corporation, as the autre vie of the husband, to sign and to secure the notes, was also within its authority to effectively settle the rights of the parties.
We turn now to Mrs. Turk’s objections to the determination by the chancellor of the amount which he found to represent her interest in the family business. These objections are upon three bases: (1) that the chancellor should have determined that her interest was 50% rather than 30.77%, (2) that the chancellor was in error in allowing an offset of $76,293.28 based upon certain notes and (3) that she should have been decreed to have equal right to purchase her husband’s interest upon the same conditions as he was ordered to purchase her interest.
Mrs. Turk urges that by an agreement made between the parties during their married life and prior to the formation of Citizens Investment Corporation (see note 1, supra) each party was to own a 50% interest. This agreement further provided for expansion of the business; therefore, it is argued the result should be 50-50. However the chancellor followed an equally reasonable development of the problem. The corporation accountant testified that he worked out the percentage of stock that each was to receive and that the ratio was accepted and agreed. There was substantial evidence that at the formation of Citizens Investment Corporation, Mr. Turk included interests separately owned by himself. Therefore we will not disturb the finding of the chancellor upon this issue of fact.
 Secondly, Mrs. Turk urges that in deducting the amount of certain notes which were given by Mrs. Turk to Mr. Turk (see second paragraph, note 1, supra) the court was in error because, as found by the chancellor, the notes were barred by the applicable statute of limitation. This contention must fail, because the adjustment of property rights upon divorce is an equitable proceeding and is governed by equitable principles. Not the least of these principles is the maxim that he who seeks equity must do equity. See cases cited at 12 Fla.Jur., Equity § 59 n. 2.
Thirdly, Mrs. Turk urges in her cross assignments that it was error not to include in the decree a provision that she could buy her husband’s interest in the corporation upon the same terms granted to him for his purchase of her interest. It is implicit in the chancellor’s decree that he found the family corporation to be largely the product of the ability and industry of the husband. Mr. Turk inherited many of this corporation’s assets from his father and he was trained by his father in the operation of the business conducted. The finding by the chancellor that the interest of all concerned, including the minor children, could best be served by leaving the operation of the family business in the husband cannot be held improper.
*71 We have not discussed every aspect of each point urged by the able counsel on this appeal. But each has been considered, and without unduly lengthening this opinion, it can only be observed, that in the main, they are governed by' the principles discussed.
Affirmed.
HORTON, C. JN, and CARROLL, CHAS., J., concur.

. “The parties during their married life were engaged in a complex series of financial transactions between themselves in conjunction with the creation and operation of several small loan businesses. The businesses prospered and on January 1, 1956, consisted of The American Finance Corporation, Bluefield, West Virginia; Federal Finance Company, Inc., Louisville, Kentucky; Friendly Finance Co., Inc., Logan, West Virginia; Mullens Finance Co., Inc., Mullens, West Virginia and London Finance Co., Inc., London, Kentucky. All the capital stock of these corporations is 100% owned by Citizens Investment Corporation excepting the directors’ qualifying shares. The Citizens Investment Corporation was formed on January 1, 1956, and acquired 100% of the capital stock owned by Max Turk and Gertrude L. Turk, his wife in the above named wholly owned corporations. The Citizens Investment Corporation issued 650 shares of no par value of its stock at the book valuations of the capital and surplus of the above named companies as of January 1, 1956. Thereafter, The American Finance Corporation and the Federal Finance Company, Inc. were sold. The stock of Citizens Investment Corporation is owned as follows: Max Turk— 450 shares or 69.23% and Gertrude L. Turk,. — 200 shares or 30.77% of the corporation. The Court finds that the book value of the stock as can best be determined is presently $776,031.43. The 30.77% interest of Gertrude L. Turk in said stock is therefore $238,784.87.
“During the financial transactions be-, tween Mr. and Mrs. Turk certain notes were given by Mrs. Turk to Mr. Turk in payment for her interest in their properties which were later consolidated into Citizens Investment Corporation and its subsidiaries. The balance due and unpaid on said notes is $76,293.28. The notes are not under seal and have been barred by the Statute of Limitation. It would appear, however, that in equity the amount due on said notes should be off-set against the interest Gertrude L. Turk holds in said corporations. Therefore, the Court finds that Gertrude L. Turk owns and is entitled to $162,491.59 as her interest in said corporations.”