WALDEN, Judge.
The appellant is the First National Bank of Hollywood. It was trustee for seven irrevocable inter vivos trusts which were created by Mr. Charles N. McCune.
Mr. McCune died and the appellee, Bro-ward National Bank, is the Domiciliary Executor of the McCune Estate.
Because of a certain tax deficiency, the Executor sought contribution from the trusts in a proceeding in the County Judge’s Court under the terms of Ch. 734.041, F.S.1969, F.S.A., Apportionment of estate taxes. The trustee was not made a party or impleaded. Regardless, the court ordered the sum of $47,787.65 paid from the corpus of the trusts, plus costs and attorney fees.
The Executor then filed suit for enforcement in the Circuit Court against the trustee asking simply that the trustee be required to perform the County Judge’s order requiring payment of the sum adjudicated in the County Judge’s Court. No effort had been or was made to enforce the order in the County Judge’s Court.
The trustee attacked the complaint via Motion to Dismiss, asserting, among other things, lack of jurisdiction over it in the County Judge’s Court at the time the order in question was entered and the fact that the Executor had not first sought its remedies in the County Judge’s Court.
These are the salient features gleaned from the pleadings and which are not disputed.
*378 The Circuit Court entered the order here appealed. It denied the trustee’s Motion to Dismiss and granted the Executor’s Motion for Summary Judgment and entered judgment peremptorily enforcing the County Judge’s Court’s order against the trustee. The trustee appeals. We reverse. '
We make two holdings. The trustee was an indispensable party to the County Judge’s Court proceedings. Second, the Executor is without standing to seek Circuit Court sanction because the County Judge’s Court was the proper forum to enforce its own orders (assuming such were properly entered).
“The law is settled that, in suits against the trustee affecting trust property, the trustees as well as the cestuis que trustent should be made parties defendant. Cary (Carey) v. Brown, 92 U.S. 171, 23 L.Ed. 469.” Griley v. Marion Mortgage Company, 1938, 132 Fla. 299, 182 So. 297. This general rule, “that a trustee is an indispensable party in all proceedings affecting the estate ... is subject to the exception in a court of equity where the trustee is merely a passive one.” Trueman Fertilizer Co. v. Allison, Fla.1955, 81 So.2d 734. Trustees have also been held indispensable in a suit seeking to dissolve or terminate a trust, Huttig v. Huffman, 1942, 151 Fla. 166, 9 So.2d 506, and in a suit to preserve an original fund out of which the trust was created, Indian Lake Club v. Hainsworth, Fla.App.1968, 212 So.2d 915.
The United States Supreme Court had occasion to discuss this Florida rule in Hanson v. Denckla, 1958, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283:
“ . . . Florida adheres to the general rule that a trustee is an indispensable party to litigation involving the validity of the trust.[6] In the absence of such a party a Florida court may not proceed to adjudicate the controversy.”
In the. instant case trust assets were to be used to pay an estate tax deficiency. Obviously this would result in diminution of trust assets which the trustee had a duty to protect. It should have been a party to the probate court proceedings, where it would have had an opportunity to defend and participate. It was not enough that some of the beneficiaries were parties as the interests and duties of the trustee and beneficiaries are not the same. It is legally impermissible for the County Judge’s Court to, in effect, sever the trustee from the trust with the characterization that the trustee is a “stranger” and then proceed to invade the corpus of the trust. If it has jurisdiction to adjudicate such claims against the trust (and we think it does via Ch. 734.041, F.S.1969, supra), it has the power, jurisdiction and duty to include the trustee as a party to the proceedings and to give it an opportunity to participate and be heard along with such defenses as it may have and wish to assert. Otherwise, and according to the Executor’s apparent view, the trustee who is the custodian and being charged with the administration of the trust according to the requirements of the trust instrument, has to stand helplessly by without day in court and watch claims adjudicated against the trust corpus.
As concerns the propriety of the Circuit Court proceedings, we notice that the County Judge’s Court has these jurisdictional powers:
36.02, F.S.1969 “General powers.— County judge’s courts shall be courts of record, and county judges shall have authority to make all orders or decrees, and to issue every and all process necessary to maintain and carry out their constitutional jurisdiction, or to enforce their authority, and to enter and enforce their judgments and decrees in all matters wherein they have jurisdiction.”
*379 732.01, F.S.1969 “Jurisdiction of county judge. — The county judge shall have jurisdiction of the administration, settlement and distribution of estates of decedents, of the probate of wills, of the establishment of lost or destroyed wills, of the granting of letters testamentary and of administration and of all othér matters usually pertaining to courts of probate.”
732.03, F.S.1969 “Power to enforce judgments. — In all cases where th,e county judge is authorized to enter orders, judgments or decrees, he may issue attachments of persons or property, executions, writs of possession, and all such other writs and orders as are necessary or appropriate to enforce such .orders, judgments or decrees.”
From the clear foregoing pronouncement we are satisfied that the County Judge and County Judge’s Court has adequate power to enforce its orders as here reflected and it was inappropriate for the Executor to bypass in favor of the Circuit Court.
Further, the Circuit Court had no power to enforce the order of the County Judge’s Court, at least until that court had done all it could in that direction. See King v. King, Fla.App.1965, 178 So.2d 35, “The circuit court jurisdiction may be invoked when it is made to appear that an adequate remedy in the probate court is not available”, McLean v. Little River Bank & Trust Co., Fla.App.1964, 169 So.2d 835 and Security Trust Company v. Cannon, Fla.App. 1964, 165 So.2d 834,
“We conclude here that the estate of the decedent was under administration in the County Judges’ Court of Dade County, Florida, and that the various probate statutes and the broad constitutional grant of jurisdiction to the county judges’ court in probate matters affords an adequate forum as well as remedy for respondents in the latter court. The circuit court was without jurisdiction to entertain this cause of action for waste, mismanagement and diversion until it has been made to appear that such remedies are not available in the probate court.”
We reverse the final summary judgment entered in favor of the Executor and remand with instructions to grant the trustee’s Motion to Dismiss and thereby to dismiss the Executor’s Complaint in the Circuit Court for lack of jurisdiction.
Reversed and remanded with instructions.
CROSS, J., and JOHNSON, CLARENCE T., Jr., Associate Judge, concur.

“6. Trueman Fertilizer Co. v. Allison, Fla., 81 So.2d 734, 738; Winn v. Strickland, 34 Fla. 610, 633, 16 So. 606, 613; Wilson v. Russ, 17 Fla. 691, 697; Mc-Arthur v. Scott, 113 U.S. 340, 396, 5 S.Ct. 652, 670, 28 L.Ed. 1015. . . .