WALDEN, Judge.
We take up this appeal where we left off in the case of First National Bank of Hollywood v. Broward National Bank, Fla.App.1972, 265 So.2d 377. It involves new complications in the pending probate of the Estate of the late Charles N. Mc-Cune, Esquire.
More specifically, it stems from an ongoing controversy between the Executor and the Trustee of certain inter vivos trusts. As previously reported, the Executor filed a proceeding in the County Judge’s Court to obtain a contribution from the corpus of the trusts to pay a tax deficiency. The trust beneficiaries were made parties, but not the Trustee. By final order, the County Judge ordered a sum in excess of $59,000.00 to be paid from the funds of the trust. No appeal was taken and the time therefore has long since expired.
Thereafter, (again as previously reported), the Executor transferred his attention *542 to the Circuit Court and filed an action directly against the Trustee. An order was entered enforcing the County Judge’s order of contribution against the Trustee. The Trustee appealed that Circuit Court order and we reversed per opinion at 265 So.2d 377, supra. We specifically held that the Trustee was an indispensable party to the County Judge’s Court proceeding. We further held that the County Judge’s Court had jurisdiction and was the proper forum for the enforcement of its own orders “(assuming such was properly entered)”. Finally, we directed the dismissal of the Circuit Court proceedings for lack of jurisdiction.
And now what has newly happened? Article V of the Florida Constitution F.S. A. has been adopted. While this event was discussed in some detail by counsel we fail to see any significance with reference to the instant problem. It changed court titles, nomenclature, and some salaries, but little else. The old County Judge’s Court with its probate powers is now simply a division of the Circuit Court.
The Executor after the issuance of our mandate returned to the probate proceedings still pending but now as a part of the Circuit Court. It sought to amend its original petition seeking contribution so as to now implead and make the Trustee a party. The Circuit Court thereupon entered the order here appealed. It quashed service of process upon the Trustee and held that the Circuit Court was without jurisdiction to permit such amendment because that proceeding and the order of contribution had long since been terminated and made final with no appeal therefrom having been taken.
We do notice that the facts and procedures are so unique that no apparent controlling precedent or authority exists to govern the dispute.
And so the matter rests with us faced, as we see it, with something of a conundrum, a real procedural awkwardness. We sense that somewhere in the shadows may lurk such future considerations as possibly statute of limitations, res adjudicata and estop-pel by judgment. Regardless, and we must say that we are not attuned to the subtleties of counsels’ strategies, we take the problem as we find it and seek to afford a solution, in accordance with the law, to the narrow issue at hand.
For a beginning basic we hold that the Executor is entitled to file its claim against the Trustee. This is true because the matter of the Trustee’s contribution has never been litigated between them and particularly since we did hold that the Trustee was an indispensable party in the effort to secure such contribution.
The real and only issue before us has to do with the “how” this claim against the Trustee is to be accomplished. Shall it be done by amending the original petition as attempted? Shall it be done by filing a new petition in the division of the Circuit Court where the probate of this estate still pends ?
We hold that the Circuit Court correctly entered the appealed order and no reversible error as to that decision has been made to appear. It would have been inappropriate to permit the amendment of a petition which had theretofore been adjudicated and terminated with a final order. This is particularly true since that order was not appealed, has not been attacked under Rule 1.540 R.C.P., 31 F.S.A., or collaterally in accordance with principles discussed in 19 Fla.Jur., Judgments and Decrees § 374 et seq., or otherwise.
It is our view that the proper vehicle by which to present the issue to the court for whatever consideration the matter may deserve would be by a new petition filed in the pending probate proceedings.
Perhaps as a result of the quite full treatment tendered by counsel we have written overmuch about what, at least on the surface, appears to be a simple issue. Further we are somewhat tempted to write via obiter dictum as to what we foresee *543 will be critical later developing issues that will likely cause a return of the case to this court. However, we realize that such cannot be sanctioned because such matters are not before us, and we neither make nor infer a ruling upon the validity and effect of the earlier County Judge’s Court order or the treatment and ultimate outcome of such new petition as the Executor may choose to file.
Affirmed.
OWEN, C. J., and CROSS, J., concur.