557 So.2d 599 (1990)
Stephen R. SYLVESTER, Appellant/Cross Appellee,
v.
Lou Emma SYLVESTER, Appellee/Cross Appellant.
No. 88-2431.
District Court of Appeal of Florida, Fourth District.
January 31, 1990.
Rehearing and Rehearing Denied March 28, 1990.
Ronald Sales of Law Offices of Ronald Sales, and Jane Kreusler-Walsh of Klein and Walsh, P.A., West Palm Beach, for appellant/cross appellee.
James P. O'Flarity of Law Offices of James P. O'Flarity, P.A., West Palm Beach, for appellee/cross appellant.
Rehearing and Rehearing En Banc Denied March 28, 1990.
PER CURIAM.
The husband in this dissolution action appeals from an award to the wife of lump sum alimony in the amount of $1,000,000.00 *600 payable within thirty days of the judgment date. The record does not support the necessarily implicit conclusion, however, that the husband has the present ability to pay the award.
The parties agree, in fact, that the only source from which the husband can comply with the judgment is his interest in a 4 1/2 million dollar "irrevocable" trust, pursuant to the spendthrift provisions of which the corpus will not be distributable to him for another five years, and even then only 1/3 of it is distributable. The trial court obviously was cognizant of this because in discussing this potential source of ability the court expressly found "[i]t is clear the [husband] can terminate the trust at any time and it is an investment management tool." In effect, the trial court found that the irrevocable spendthrift trust was not "irrevocable" at all.
But the court did not have the trust before it and could not have absent the joinder of the trustee and the contingent remainder beneficiaries, the husband's minor children, all of whom, in the case of an "irrevocable" trust, are indispensable parties to the making of such determination. See, e.g., Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Huttig v. Huffman, 151 Fla. 166, 9 So.2d 506 (1942); First National Bank of Hollywood v. Broward National Bank of Fort Lauderdale, 265 So.2d 377 (Fla. 4th DCA 1972).
Accordingly, the cause is reversed for further proceedings not inconsistent herewith. The other points raised in this appeal are thus premature and should abide the outcome of such proceedings.
REVERSED AND REMANDED.
WALDEN, J., and McNULTY, JOSEPH P., Associate Judge, concur.
DOWNEY, J., concurs in part and dissents in part with opinion.
DOWNEY, Judge, concurring in part and dissenting in part.
With that portion of the majority opinion reversing the lump sum alimony award of $1,000,000 payable in thirty days I concur, but for a different reason than that ascribed by the majority.
Appellant, age thirty-six at the time of trial, is the settlor of a trust denominated as irrevocable, the corpus of which is valued at approximately $4.5 million dollars.[1] He is entitled to all of the income therefrom, and to maintenance and support payments from the principal at the discretion of the trustee. One third of the corpus is distributable to appellant at age forty-five, one half of the balance at age fifty, and the balance remaining at age fifty-five. In the event of his death prior to distribution of the corpus, his three minor children are named as beneficiaries. For the past several years the income distributed to appellant from this trust has been in excess of $400,000.
The final judgment of dissolution provided, among other things, that the husband should pay child support of $4,500, per month, periodic alimony of $4,000 per month, and $1,000,000 in lump sum alimony payable in thirty days. It appears to me that while the record will support the amount of the lump sum alimony awarded, it does not support the manner of payment. Appellant's sole income is received from what the parties refer to as the grandfather trust (the $4.5 million trust). Thus, it appears impossible for appellant to meet the mandate of $1,000,000 in thirty days.
On the other hand, it appears that appellant could make substantial installment payments on the lump sum award and still meet his other obligations. Not only would such an award be financially feasible, but it obviates the necessity of impleading the trustee and the contingent remaindermen since the distribution of the income is not discretionary with the trustee.
Thus, it appears to me that upon remand, the trial court should be directed to amend the final judgment and provide for lump sum alimony, however, in appropriate installments. Should appellant die prior to *601 full payment, the balance would be payable by appellant's estate. While appellant's health is sufficiently uncertain to justify a lump sum award, it does not appear to be so precarious as to make this disposition unreasonable.
One further comment I think is relevant. The trial court was of the view that the trust set up by appellant, although stated to be irrevocable, was in fact revocable. The trial court stated that appellant was the sole beneficiary and that the trust was simply an investment tool. If this characterization were correct, we would have a settlor establishing a spendthrift trust with himself as the sole beneficiary. According to Scott On Trusts, § 156, such a trust would be revocable and could be reached by creditors regardless of the fact that the settlor had not intended to defraud creditors thereby. Be that as it may, appellant is not the sole beneficiary of the trust; there are contingent remaindermen and thus the policy precluding irrevocability of a spendthrift trust where the settlor is the sole beneficiary would not appertain. Scott On Trusts, § 127-1. Therefore, if the trial judge envisioned invading the corpus of the trust in order to meet the lump sum payments mandated, it would appear that may be impossible but, if possible, it would seem to require joinder of the trustee and remainderman.
NOTES
[1] Appellant is also the beneficiary of another trust set up by his grandmother the corpus of which is over a million dollars. However, both income and principal are distributable at the discretion of the trustee, and no distributions had been made since its inception in 1984. Appellant's children are also contingent remaindermen of this trust.