STURGIS, Judge.
This is an appeal from an order in chancery which, upon motion of certain defendants, finally dismissed the complaint herein for failure to state a cause of action.
It is elemental that in passing on such motion all well-pleaded ultimate facts alleged by the complaint are to be taken as true. On that premise, it is made to appear: Plaintiff is one of five children and devisees of J. H. Corbett and Dona Corbett, who died testate prior to the filing of the complaint, leaving substantial estates of inheritance to said children in equal shares, the same consisting of both real and personal property. Administration thereon is pending in Hamilton County, Florida. The named and acting executors of the separate wills of decedents are a son-in-law, Everett C. Browne, and two of their daughters, Edna Corbett Browne and Sibyl C. Bennett. They are parties defendant herein in their representative capacities and, together with plaintiff’s remaining sisters and their respective husbands, are also parties defendant in their individual capacities. With the exception of certain specific legacies and bequests, all property of the decedents passed to the said daughters. There has been no final distribution of the property of the estates, but the personal representatives have from time to time made “advances” of money to plaintiff, without any explanation of the source. They have not filed an inventory of the respective estates and have not made any accounting of their acts and doings therein. They have made investments, advanced money, collected rents, and carried on farming operations on behalf of the estates. Plaintiff alleges that it became necessary to bring this suit for. partition because of an inability to divide the property of the estates on an amicable basis; and that the “wrongful acts” of the *874 defendants, which are not particularized, forced plaintiff to bring this suit for an accounting. On the foregoing allegations of fact, relating to said estates only, plaintiff seeks by this suit in the circuit court (1) to require the defendant executors to file herein an inventory of the assets of each of said estates and to submit a complete accounting of their acts and doings as such, (2) to be adjudged to be the owner of an undivided one-fifth interest in all the properties of said estates, (3) to have the real property of the estates partitioned between plaintiff and her sisters according to law, and (4) to have such other relief as may be proper in the premises.
Separate and apart from the estate matters, it is alleged that plaintiff and her four sisters jointly own the undivided fee to certain real property in Hamilton County (evidently consisting primarily of acreage) which is subject to a Lease Agreement, Lease, and a Timber Purchase Contract, all expiring January 1, 2017, entered into by said owners, joined by their respective husbands, with Gair Woodlands Corporation, who thereafter conveyed or assigned its interests thereunder to Continental Can Company, Incorporated, a party defendant to this cause. Pursuant to provisions of said Timber Purchase Contract the defendant Everett C. Browne was appointed agent for said seller-owners with authority, inter alia, to receive the payments accruing to sellers thereunder. It is alleged that he has received such payments but has not accounted to plaintiff for her part. On these allegations of fact plaintiff prays that defendant Everett C. Browne be required to account for the income received and expenses laid out by him incident to said Lease Agreement, Lease, and Timber Purchase Contract, that the lands subject thereto be partitioned between plaintiff and her co-owners according to law, that the expenses of partition be assessed equally among the owners, and for such other relief as may be proper.
All defendants except Continental Can Company, Incorporated, moved to dismiss the complaint on the ground, inter alia, that it failed to state a cause of action. The defendant corporation filed an answer which has no bearing on the sole issue presented by this appeal, that is, whether or not the complaint states any ground for equitable relief.
We first consider the claim for an accounting against the executors of the estates of Mr. and Mrs. Corbett, deceased, and the effort to have a partition of estate property among the beneficiaries of their wills. The complaint is devoid of .any showing that plaintiff has sought any relief whatever in the court of probate wherein administration upon said estates is pending, nor is it made to appear that the subject property is not necessary to be retained under the control of the executors for the purposes of administration upon the respective estates. It contains no averments of fact to the effect that an inventory, accounting, and distribution of all property of the estates cannot be obtained upon proper application to the court of probate. The situation here is governed by the rule in Crosby v. Burleson (1940), 142 Fla. 443, 195 So. 202, 208, wherein an accounting was sought in the circuit court against the personal representative of an estate then being administered in the County Judge’s Court of Marion County. A motion to dismiss for failure to state a cause of action for relief in equity was denied and on appeal the order was reversed. It was held that Section 17, Article V, Constitution of Florida, F.S.A., as then in effect, vested in the probate court exclusive jurisdiction to grant letters of administration and administer estates, and in that context the Supreme Court, speaking through Buford, J., said:
“It may be that conditions could arise where the jurisdiction of a court of equity could be invoked in matters pertaining to estates where adequate relief could not be had by application to the County Judge, but cases of this sort are not within that category. See opinion and judgment in the case of Pournelle *875 et al. v. Baxter, et al., Fla., [142 Fla. 517] 195 So. 163, filed at this term. The County Judge has the power and authority under the Constitution and the * * * [1933 Probate Act] to require executors and trustees operating under the provisions of a will and duly appointed and acting under orders of the County Judge to make full and complete accounting as to all assets coming into their hands, as well as to the proper distribution or disposition of any and all assets of such estates." (Emphasis supplied.)
By subsequent amendment of Article V, Constitution of Florida, former Section 17 now appears as Section 7 of Article V. The present provisions with respect to the administration of estates are identical with former Section 17. We hold, therefore, that the complaint herein does not state a cause of action in the circuit court for an accounting or other relief against the defendant executors of the subject estates. Such relief is available, if at all, in the court which has assumed jurisdiction over said estates.
As to the attempted partition of the realty devolving through the decedents’ estates, the complaint lays no foundation for removing this property from the jurisdiction of the probate court. Under Section 733.01, Florida Statutes 1959, F.S.A., the personal representative takes possession of the Florida real estate (except homestead) of a deceased person, and the rents, income, issues and profits therefrom, whether accruing before or after the death, and of the proceeds arising from the sale, lease, or mortgage thereof; and all estate property, real and personal, constitutes assets in the hands of the personal representative for the payment of legacies, debts, family allowance, estate and inheritance taxes, claims, charges and expenses of administration, and to enforce contribution and to equalize advancement and for distribution. After the time for filing claims against the estate has expired and all liabilities and obligations of the estate, including expenses of administration, have been paid or discharged, or provision made therefor, upon proper application an order may be entered by the probate court authorizing the personal representative to surrender possession of any designated real estate to the heir or devisee. See Sections 734.03, 733.04, Florida Statutes 1959, F.S.A. Upon approval of the final accounts of the personal representative, he is required to surrender the possession of all real estate to'the heir or devisee entitled thereto and to likewise pay over and distribute all personal property. F.S. § 734.04, F.S.A. Section 66.01, Florida Statutes, F.S. A., provides that suits for partition of real estate shall in all cases be by complaint in chancery. There is no statutory provision vesting the probate court with jurisdiction to partition the property of an estate between the heirs or devisees, or authorizing the circuit court to partition such property while it remains under the jurisdiction of the probate court incident to administration upon the estate. Since administration on the estates of Mr. and Mrs. Corbett is pending, the circuit court lacks jurisdiction to partition among their devisees the real property in the hands of their personal representatives.
We turn next to a consideration of plaintiff’s alleged right to have a partition of the real property owned jointly with her four sisters which is not involved in the estates of their parents. While this property is subject to a long-term Lease and Timber- Purchase Contract in favor of defendant Continental Can Company, Incorporated, there is no legal impediment to a partition of the interests of plaintiff and her co-owners. There are seemingly no rights of the parties to the outstanding Lease Agreement, Lease, and Timber Purchase Contract which may not be adequately pro-, tected by the trial court as an incident to partition. The statutory criterion for the right to partition is that the plaintiff be a joint tenant, tenant in common, or co-parcener of others interested in the lands to be divided. Section 66.03, Florida Statutes 1959, F.S.A. The holder with others of an *876 undivided interest, though it be subject to leasehold rights in a third person, unquestionably falls within the classification of the statute, and the complaint adequately states a cause of action for partition of the lands under discussion.
In view of our holding, the remaining main purpose of the suit, assuming plaintiff wishes to pursue it, is to partition the lands subject to the Lease and Timber Purchase Contract. Incident to that contract, plaintiff seeks an accounting of the amounts received and expenses laid out by defendant Everett C. Browne in his relation under the contract as the “Sellers’ Managing Representative” (that is to say, agent of plaintiff and her co-tenants) who, inter alia, is authorized to receive and distribute to the parties entitled the moneys accruing to them under the Timber Purchase Contract. Plaintiff predicates her demand for such accounting on an allegation to the effect that said agent has received payments under the contract but has not accounted to plaintiff for her share. Assuming that in a proper proceeding the facts alleged would be sufficient to require an accounting, a subject which we do not pass on, the question remains as to whether such accounting is a proper incident to the main proceeding for partition of the subject lands. While the Timber Purchase Contract makes no distinction between the interests of the “sellers”, consisting of the plaintiff and her four sisters and their respective husbands, it is apparent from the general allegations of the complaint that the husbands were joined in the contract as nominal persons in order to satisfy customary practices governing land contracts, rather than because of any direct title or interest in the lands involved.
Section 66.04, Florida Statutes 1959, F.S.A., requires the plaintiff in partition to plead all matters “necessary to enable the court to adjudicate fully upon the rights and interests of the party.” Upon acquiring jurisdiction to partition, the court may proceed to ascertain and adjudicate the rights and interests of the parties as authorized by statute, and as an incident to the main relief may determine questions of right arising out of the relation existing between the parties at the time of the occurrence of the incidents giving rise to differences between them. Lockwood v. Walker, 127 Fla. 20, 172 So. 359. In that case, however, the court restricted application of the rule to controversies directly affecting the partition proper, such as those involving the legal title and right of possession. In the case now on review, the accounting sought against Mr. Browne as plaintiff’s agent is collateral to and independent of her right of partition under the statute. Such accounting is in no wise “necessary to enable the court to adjudicate fully upon the rights and interests” of the parties to the partition. It has no proper place in this proceeding.
For the reasons stated, the order appealed is vacated and this cause is remanded for further proceedings consistent herewith.
CARROLL, DONALD K., C. J., and RAWLS, J., concur.