PER CURIAM.
John E. McKinley died on January 29, 1958, and his will, together with a codicil, was admitted to probate in the County Judges’ Court of Dade County, on February 7, 1958, naming Security Trust Company and Paul L. E. Helliwell as executors. Letters testamentary were issued to them and they thereupon proceeded to administer the estate. On April 7, 1959, Helliwell resigned and amended letters testamentary were issued to Security Trust Company which has, since that time, administered the estate as the sole executor.
The primary asset of the estate was all of the stock of two Florida corporations originally organized by decedent McKinley, The codicil to McKinley’s will requested that the business of the corporations be *835 continued so that his two sons might engage in the same business as the father. Certain trusts were created by the will with the decedent’s widow as a life tenant and the two sons as remaindermen. The trusts have not been established, no trustee has qualified and the estate is still being administered by Security Trust Company as executor.
On June 6, 1963, the widow, individually and as next friend of a minor son of the decedent, filed a law action in the Circuit Court of Dade County, Florida, against Security Trust Company and Paul L. E. Helliwell. The complaint recited the death of the decedent, the admission of the will and codicil to probate, the issuance of letters testamentary and the fact that among the assets of the estate was the capital stock of two corporations which operated a going business with a market value in excess of $300,000. It was further alleged that upon the death of the decedent the executors, and later the Security Trust Company as sole executor, had operated the business, but that they had failed to exercise the skill and care required to operate such businesses and imprudently and improperly failed to maintain proper accounting safeguards, resulting in diversions and losses which had rendered the companies practically valueless. Damages in the sum of $250,-000 and a trial by jury were demanded.
The petitioner moved to dismiss the complaint on the grounds that it failed to state a cause of action and failed to state a claim upon which relief could be granted. Petitioner also moved for summary judgment. The motion for summary judgment was grounded upon the fact that the petitioner, as executor, was acting under the authority of letters testamentary issued by the County Judges’ Court of Dade County, Florida; that the estate was still pending and no final accounting or application for discharge had been made, nor had there been any proceedings instituted to qualify the Security Trust Company as trustee under the provisions of the decedent’s will. Mainly the motion pointed out the jurisdiction then being exercised by the County Judges’ Court over the estate of the decedent and the lack of such jurisdiction in the Circuit Court. The motion for summary judgment was denied; rehearing was filed, argued and denied.
Upon a denial of the petition for rehearing directed to the order denying petitioner’s motion for summary judgment, a suggestion for writ of prohibition was filed in this court, alleging in substance that the circuit court was without jurisdiction to hear and determine the subject matter of a bill of complaint filed in that court by the respondent Louise H. McKinley, and particularly so since the County Judges’ Court had first assumed jurisdiction and was still exercising jurisdiction over the estate of the decedent as well as having jurisdiction over the petitioner as executor appointed under the authority of the County Judges’ Court. A rule nisi was issued to which the respondents have filed a brief. No formal return was filed and the petitioner filed a motion to make the rule absolute on the ground that no return had been made to the rule. We consider the contents of the respondents’ brief to be a sufficient return and consequently deny the motion to make the rule absolute. The cause was heard on oral argument.
It is the respondents’ position that this common law action in the circuit court is in the nature of a devastavit occasioned by the petitioner’s alleged mismanagement of the decedent’s estate, and that said action is within the jurisdiction of the circuit court. It is further urged by respondents that the remedies available under the probate act would not afford the relief required by the respondents. On oral argument the respondents further urged that the amount in question claimed as damages — the sum of $250,000 — was solely within the jurisdiction of the circuit court — a court of unlimited jurisdiction — and contra-wise was in excess and beyond the jurisdiction of the county judges’ court. This argument might carry *836 some weight if this had been an attempt to file a suit for damages in the county judges’ court, but we are unaware of any restriction as to amount on the jurisdiction of the county judges’ court in the exercise of its probate jurisdiction in the administration and settlement of estates of decedents. By the Constitution of Florida, the county judges’ courts are given specific jurisdiction over the settlement of estates of decedents and minors. Section 732.01, Fla.Stat., F.S.A., likewise vests jurisdiction of the “administration, settlement and distribution of the estates of decedents” in the county judges’ court.
Since this was a going business being administered by a duly authorized executor of the probate court, we note that numerous remedies are available to the respondents to require a production of assets, account-ings, etc., as well as a suggestion of devas-tavit under the provisions of § 733.52, Fla. Stat., F.S.A. This latter statute permits a suggestion of devastavit against a personal representative and if such representative is unable to show that he has administered the estate according to law, he as well as his sureties may be personally charged to the extent of assets not duly administered. There is likewise a remedy by removal of an executor under § 734.11, Fla.Stat., F.S. A., one of the specific causes being the wasting, embezzlement or maladministration of an estate, as well as the failure to return schedules of property sold, accounts of sales, or a failure to produce the assets of an estate when so required. In Crosby v. Burleson, 142 Fla. 443, 195 So. 202, an accounting was sought in the circuit court against a personal representative of an estate being administered in the County Judges’ Court of Marion County. A motion to dismiss for failure to state a cause of action in equity was denied and on appeal the order was reversed. It was there held that the Constitution of Florida then in effect vested in probate courts exclusive jurisdiction to grant letters of administration and to administer estates. Justice Buford, speaking for the court said:
“It may be that conditions could arise where the jurisdiction of a court of equity could be invoked in matters pertaining to estates where adequate relief could not be had by application to the County Judge, but cases of this sort are not within that category. * * The County Judge has the power and authority under the Constitution [and 1933 Probate Act], to require executors and trustees operating under the provisions of a will and duly appointed and acting under orders of the County Judge to make full and complete accounting as to all assets coming into their hands, as well as to the proper distribution or disposition of any and all assets of such estates.”
At the time of the Crosby case, Section 17 of Article V of the Constitution of Florida, F.S.A., was in effect. This section has now been superseded by Section 7 of Article V; however, the present provisions are identical with former Section 17. There is a total absence in the complaint of any showing that application for relief of the kind requested of the circuit court has been made to the county judges’ court, nor is it shown that an accounting, inventory or production of assets or other relief could not be obtained upon application to the probate court. See Leonard v. Browne, Fla.App.1961, 134 So.2d 872, 874. It is not amiss to point out here that although the former provisions of the Constitution of Florida vested appellate as well as supervisory jurisdiction over the county judges’ courts in the circuit courts, such is not the case under the present provisions of our Constitution. In the Crosby case, the Supreme Court of Florida further noted that “[e]ven if concurrent jurisdiction existed, which we hold does not now exist, the County Judges’ Court having assumed jurisdiction of the settlement of the estates of both the decedent testators, the Circuit Court should not attempt to oust that jurisdiction.”
*837 The respondents have also urged upon us the holding in the case of Krivitsky v. Nye, 155 Fla. 45, 19 So.2d 563. We have examined this case but fail to see where the ruling is inconsistent with the conclusions reached in the case at bar. The Nye case was an attack in the circuit court on an alleged invalid order of the county judges’ court in Volusia County, in which the latter court had entered an order of discharge of a personal representative some 3years after the publication of the notice of application for discharge. It is true the complaint in that case alleged wasteful administration and other wrong doing. The Supreme Court simply held that invalid orders in probate were subject to attack by direct appeal, by petition for certiorari and by a bill in equity. The proceedings in the county judges’ court in Volusia County had long since been terminated and the records of that court failed to substantiate the legal conclusion contained in its order of discharge that due and legal notice of application for discharge had been published as required by law.
We conclude here that the estate of the decedent was under administration in the County Judges’ Court of Dade County, Florida, and that the various probate statutes and the broad constitutional grant of jurisdiction to the county judges’ court in probate matters affords an adequate forum as well as remedy for respondents in the latter court. The circuit court was without jurisdiction to entertain this cause of action for waste, mismanagement and diversion until it has been made to appear that such remedies are not available in the probate court.
Accordingly, judgment in prohibition is awarded the petitioner and the rule nisi is made absolute. We do not consider it necessary to issue the writ at this time.