PER CURIAM.
The appellants, as legatees under the will of Josephine D. Miller, deceased, brought a complaint in equity against the appellee, Little River Bank & Trust Co., the Guardian (and later) the Executor of *836 the Estate of Josephine D. Miller. The complaint was entitled: “Complaint in Devastavit and for Accounting”. It prayed that the chancellor take testimony as to the necessity for the expenditures made by the Guardian of the property as well as those made by the Executor of the Estate, and further that if the court found any of the expenditures to have been unnecessary, it enter a decree requiring the Executor to replace the wasted or divested funds.
The chancellor dismissed the complaint and correctly relied upon the opinion from this Court in Security Trust Company v. Cannon, Fla.App.1964, 165 So.2d 834. In that case, we were called upon to determine whether the circuit court had jurisdiction to inquire into the accounts of an executor during the time that the estate was being administered and, in addition, the accounting to be required by the county judge’s court. We held that jurisdiction to require the accounting was in the county judge’s court and that the circuit court was without jurisdiction to entertain the cause of action until it was made to appear that a remedy was not available in the probate court.
We relied upon Crosby v. Burleson, 142 Fla. 443, 195 So. 202, and made reference to Leonard v. Browne, Fla.App.1961, 134 So.2d 872. The Supreme Court case specifically recognized that conditions might arise where the circuit court could be called upon to use its power to effect a remedy in matters pertaining to estates, but held that the power did not exist to oust the county judge’s court when an adequate remedy existed in that court. The holding in Leonard v. Browne, supra, was in accord with the stated proposition.
We have again recited these holdings because it is possible that the Bar has misinterpreted our holding in the Security Trust Company suit to be a holding that the circuit court does not have jurisdiction of a devastavit action filed in equity.
The action of devastavit existed at common law and is specifically authorized by § 733.52 and § 733.53 Fla.Stat, F.S.A.[1] Such an action is an adversary proceeding, brought by a party interested in the estate against the executor or administrator for judgment against him personally. Such a cause of action may be cognizable in equity or may be one entitled to be tried before a jury at law. It may, therefore, be filed either in equity or at law according to the nature of the cause, and, if at law, in the appropriate common-law court as determined by the amount involved. It is limited by the principle that it may not be used when the probate of the estate involved is pending so as to usurp the jurisdiction of the county judge’s court.
 In the instant case the chancellor correctly determined that the complaint before him did not allege facts to establish that the probate court could not afford relief. He, therefore, properly, dismissed the complaint under the authority of Security Trust Company v. Cannon, Fla.App. 1964, 165 So.2d 834. We note however, that the complaint did infer that the guardianship proceeding was terminated. The tenor of the complaint is such that the plaintiffs ought to be allowed an opportunity to amend, if they so desire, in order *837 to bring their complaint within the rule stated. Accordingly, the order appealed is affirmed in part and reversed in part and the cause remanded with direction to afford plaintiffs a reasonable opportunity to file an amended complaint.
Affirmed in part, reversed in part and remanded.

. These statutes are as follows:
“733.52 Devastavit. — When an action suggesting a devastavit is brought against any personal representative, if such personal representative cannot show that he has fully administered according to law, he and his sureties shall be personally charged to the extent of assets not duly administered by him.”
“733.53 Who may suggest devastavit. —An action suggesting devastavit may be brought against the personal representative by any person interested in the estate. When a personal representative resigns, dies or is removed, an action suggesting devastavit may also be brought against him or his executors or administrators and against Ms surety or sureties by the remaining or successor personal representative.”