PER CURIAM.
This is the second appearance of this cause in this court. See: McLean v. Little River Bank & Trust Co., Fla.App.1964, 169 So.2d 835, wherein we reversed a dismissal by a chancellor of a devastavit proceeding and indicated that leave should be granted to amend the complaint, recognizing the jurisdiction of the circuit court to entertain-a devastavit proceeding against a guardian of the property of an incompetent subsequent to the termination of the guardianship proceedings.
Subsequent to our mandate, amendments were made to the complaint, one of which was to incorporate the entire proceedings in the County Judges’ Court as an exhibit to the amended complaint. The gist of the complaint was that the guardian had committed “waste” of the estate, and the-only charge went to the reasonableness of the expenses as approved by the County Judge’s orders. Without any allegation as to fraud or non-disclosure on the part of the guardian, we agree with the chancellor that the complaint, as amended, failed testate a cause of action.
Each of the items complained of as constituting “waste” or mismanagement was the subject matter of a petition and order of the probate court and, pursuant to §§ 745.26, 746.13, Fla.Stat., F.S.A., any interested party had a right to complain. The appel *274 lants, plaintiffs in the trial court, did not avail themselves of this statutory right and will not now be heard to complain, in an independent chancery suit in the circuit ■court, of the discretionary rulings of the probate judge approving the expenditures by the guardian.
Therefore, for the reasons above stated, the order here under review is hereby affirmed.
Affirmed.