WALDEN, Judge.
Defendants-executors, First National Bank in Fort Lauderdale, a national banking corporation, and Eileen Boyle Nielsen, appeal from a judgment of $6,000.00 in an action suggesting devastavit for mismanagement. We reverse.
Plaintiffs, Raymond Moon, both individually as well as for the benefit and use of Charles Knowlton, Jr., by Emory S. Kates, his Guardian ad Litem, were bequeathed a Danish yacht. Charles Knowl-ton, Jr., cared for the vessel for some sixteen months after decedent’s death, at which time it was placed by defendants with the Cove Yacht Basin and thereafter in dry-dock.
During this time defendants requested to sell the boat and received an offer of $4,750.00 which plaintiffs rejected. The vessel was then distributed to plaintiff Moon.
About thirty days after decedent died the vessel was valued by defendant Niel-son between $15,000.00-$20,000.00, but at the time of its sale the deteriorated boat brought in $2,500.00.
*404 Plaintiffs sued in circuit court after the commencement of the probate proceeding but at defendants’ insistence the matter was transferred to county judge’s court where judgment was entered.
We hold that where property is transferred to a beneficiary free and clear of any claims and a devastavit action (where the claim exceeds $100.00) is brought by the beneficiary in his own capacity (rather than for the estate) then the court of proper jurisdiction is the circuit court, (or court of record) regardless of whether the administration of some other portion of the estate is still pending.[1]
The jurisdiction of the county judge’s court is set forth under the Fla. Const. § 7(3), art. V, F.S.A., with F.S. § 732.01, F.S.A., utilizing the same language:
“The county judge shall have jurisdiction of the administration, settlement and distribution of estates of decedents, of the probate of wills, of the establishment of lost or destroyed wills, of the granting of letters testamentary and of administration and of all other matters usually pertaining to courts of probate.”
The county judge’s court is not a court of general jurisdiction and its jurisdiction must be found within the specific limits established by the constitution and statutes.[2] Pursuant to § 36.01:
“The County Judge shall have: (1) Original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars.”
Two recent cases have ruled that the county judge’s court lacked jurisdiction to hear cases where the claim exceeded $100. In In re Brown’s Estate,[3] where there was a dispute as to whether $8,000 listed in the assets of decedent’s estate really belonged to a stranger, the Second District Court of Appeal held that jurisdiction vested exclusively in the circuit court and that the county judge’s court was without jurisdiction to hear the cause because of the amount of the claim involved. In the case of In re Donaldson’s Estate,[4] where the daughter of the deceased by a former marriage brought an action against the admin-istratrix of the estate, claiming that certain personal property valued at over $13,-000 and included in the estate’s assets had been transferred to her father and herself as joint tenants before he died, the Second District Court of Appeal again held that the County Judge was without jurisdiction to determine ownership. Reiterating its position in the Brown case, supra, the Court stated :[5]
“A county judge is empowered to discharge the duties usually pertaining to the courts of probate, but in no instance does his jurisdiction extend to include cases at law wherein the value or demand of the property involved exceeds $100.”
Herein the nature of plaintiffs’ claim is devastavit. Such an action is an adversary proceeding, brought by a party interested in the estate against the executor or administrator for judgment against him personally.[6] The McLean case states :[7]
“Such a cause of action may be cognizable in equity or may be one entitled to be tried before a jury at law * * * if at law, in the appropriate common-law court as determined by the amount involved." (Emphasis added.)
*405 In arguing that Section 36.01 does not always prohibit the county judge’s court from having jurisdiction where the demand or value of property exceeds $100, plaintiffs rely on the Security Trust case.[8] There, the claim for damages was for $250,000, based on mismanagement of estate assets by the executor. In rebuking the argument that the jurisdictional amount was in excess of that which the county judge’s court could maintain, the court said:[9]
“This argument might carry some weight if this had been an attempt to file a suit for damages in the county judge’s court, but we are unaware of any restriction as to amount on the jurisdiction of the county judge’s court in the exercise of its probate jurisdiction in the administration and settlement of estates of decedents.”
In Security Trust, supra, the specific property that plaintiffs claimed was being wasted, had not yet been distributed as provided by the decedent’s will. Any recovery then would go to the estate, not to the particular beneficiaries. Here, however, this is not the case.
Under the facts in McLean and Security Trust the Third District held that action for devastavit could not be maintained in the circuit court when the probate of the estate involved was pending in the county judge’s court, since this would usurp the latter’s jurisdiction. The more recent case of King v. King,[10] cites Security Trust and McLean, supra, with approval and repeats the theme that circuit court jurisdiction can be invoked in devastavit only where it is shown that the county judge’s court cannot remedy all wrongs alleged in the complaint.
Under our newly enunciated rule, 1) if the administration of the estate is still pending, and recovery is for the estate itself, the county judge’s court has jurisdiction pursuant to its exclusive right to handle probate matters (whether or not the claim exceeds $100.00) Security Trust, supra, or 2) if recovery is for the beneficiary himself and no further administration of the estate is pending, then the bar against the circuit court intervening announced in McLean and King is lifted. Secondly, the $100.00 jurisdictional limit on the county court is reimposed because the action is now for damages not pursuant to matters which are exclusively concerned with probate and the administration of the estate. This $100.00 limitation means the county judge cannot remedy wrongs in excess of that amount, and therefore, the court having jurisdiction of the amount claimed can entertain an action for devas-tavit where the claim is above $100.
Previously, if recovery was for the beneficiary himself, and not the estate, but the administration of some portion of the estate was still pending, there seemed to be no court which could entertain jurisdiction of a devastavit proceeding. This was so because the circuit court was barred (since probate was still pending in the county judge’s court) and the county judge’s court was barred if the amount exceeded $100.00 (in that devastavit aimed at personal recovery is not a matter which is exclusively within their special grant of probate and administration of estates).
However, under our rule the court having jurisdiction of the amount claimed now has jurisdiction in these instances.
For the aforementioned reasons this cause is reversed and remanded to the county judge’s court with leave to the plaintiffs to seek their remedy in the proper forum.
Reversed and remanded.
REED and OWEN, JJ., concur.

. The primary reason being that under such circumstances the beneficiary and the property no longer are interested in probate.

. Mott v. First National Bank of St. Petersburg, 1929, 98 Fla. 444, 124 So. 36.

. Fla.App.1961, 134 So.2d 290.

. In re Donaldson’s Estate, Fla.App.1962, 147 So.2d 552.

. Id at 554.

. Section 733.53, F.S.1967, F.S.A.

. McLean v. Little River Bank & Trust Co., Fla.App.1964, 169 So.2d 835.

.Security Trust Co. v. Cannon, Fla.App. 1964, 165 So.2d 834.

.Id at 836.

.Fla.App.1965, 178 So.2d 35.