McNULTY, Acting Chief Judge.
The controlling point herein concerns whether the trial court had jurisdiction over the person of appellant in the proceeding below which resulted in the judgment appealed from. We think not and reverse.
The matter before us was first begun in February 1971 as a guardianship proceeding, in which the appellant/son was appointed guardian of the property of his father, the appellee. The father’s legal competency was restored in December 1972. The son thereupon surrendered all the guardianship assets, filed an accounting and petitioned for discharge. On January 5, 1973, the father filed objections to certain items on the accounting, which objections were never ruled upon. As a consequence, the son was never discharged as guardian and the guardianship proceeding remained an open matter.
Subsequently on July 31, 1973, the father attempted to initiate the instant proceedings simply by mailing the son (a resident of Hillsborough County) a complaint and notice of hearing, which was styled as an adversary proceeding in which the father was plaintiff and the son was defendant and which bore the same case number as the guardianship proceeding. Indeed, the original of each was filed in the guardianship proceeding.
The complaint was in two counts, the first alleged that subsequent to the restoration of his competency, the father delivered certain powers of attorney and stock transfers to the son authorizing the latter to deal with the securities in certain respects. Defalcations on the part of the son were alleged and cancellation of the transfers and *407 an accounting were prayed for. Count two sought replevin of the securities.
The appellant filed motions to abate for improper venue and to quash for lack of service of process. The motions were denied, the court ruling that since the guardianship proceeding was still open the person of the son was still subject to the jurisdiction of the court “as was the subject matter.” The son thereafter filed pleadings and the matter proceeded to an adverse judgment from which he brings this appeal.
We summarily determine that the son did not waive his right to appeal the denial of his motions to abate or to quash by pleading to the merits and proceeding to judgment.[1]
To the merits now. The critical facts here are that the gravamen of the father’s complaint against the son is predicated on a certain transfer of powers and securities occurring subsequent to the restoration of the father to competency, and no recovery on behalf of the guardianship estate nor claim against the “guardian” is sought. The cause of action alleged is simply a controversy between two individuals who are sui juris, neither of whom is a party in any representative capacity. The mere fact that a prior guardianship proceeding involving the parties in other capacities remains open and the fact that certain matters within the administration of that guardianship proceeding are still unresolved by the court having jurisdiction over that proceeding do not change the present posture in which the parties find themselves. As we see it, the parties are in no different position now as far as the cause of action involved herein is concerned than they would have been had the guardianship proceeding been closed or had there been none at all. That being the case, the law relating to venue, service of process and subject matter jurisdiction in the ordinary case is applicable here.[2] The absence of service of process here, therefore, is patently fatal.
Other errors complained of herein, some of which may be well taken, need not now be considered since it can’t be anticipated that they will recur following a resolution of the venue question that may again become viable upon return of our mandate.
In view whereof the judgment appealed from should be, and it is hereby, vacated and set aside; and the cause is remanded with directions that the court grant the motion to quash for lack of jurisdiction over the person. The motion to abate for improper venue will thus become moot.
GRIMES, J., and DREW, E. HARRIS (Ret.), Associate Judge, concur.

. See State of Florida ex rel. Eli Lilly and Company v. Shields, 83 So.2d 271 (Fla.1955); Periolat v. Periolat, 336 So.2d 1256 (Fla.2d DCA 1976).

. Cf. First National Bank in Fort Lauderdale v. Moon, 234 So.2d 402 (Fla.4th DCA 1970).