PER CURIAM.
We find no error in the trial court granting a summary judgment that recognized the right of a fee-title holder, of an undivided interest in a parcel of real property, to bring a statutory action for partition regardless of his motives and any equitable defenses to such action should be presented therein and not in an independent action. Condrey v. Condrey, 92 So.2d 423 (Fla.1957); Williams v. Ricou, 143 Fla. 360, 196 So. 667 (1940); Lockwood v. Walker, 127 Fla. 20, 172 So. 359 (1937); Montgomery v. Carlton, 99 Fla. 152, 126 So. 135 (1930).
We also find no error in the trial judge recognizing by the entry of a summary judgment that a party who owns in fee-simple[1] an interest in real property does not have to voluntarily sell his interest, therein notwithstanding the desire to sell of the other title holders. His motive for refusing to sell is immaterial. Compare: Williams v. Wells Fargo Bank & Union Trust Co.; 56 Cal.App.2d 645,133 P.2d 73 (D.C. 3d Dist., Cal.1943); Bailey v. Vaughn, 375 So.2d 1054 (S.Ct.Miss.1979); Croston v. Male, 56 W.Va. 205, 49 S.E. 136 (S.Ct.W.Va. 1904); 59 Am.Jur.2d, Partition § 118.
Therefore the final summary judgments here under review be and the same are hereby affirmed.
Affirmed.
OPINION ON REHEARING
By petition for rehearing the appellants contend that the property in question was in fact titled in a partnership and not owned individually.
We grant the rehearing and recede from so much of the opinion that affirms the summary judgment with the following instructions: we direct the trial court to determine how the property in question is titled. If it is in individual names then he should confirm the summary judgment. If the property in question is titled in a partnership, then he should vacate the summary judgment.

. Different rights and responsibilities might obtain if the parties owned the property in a partnership. Cf., Farrell v. Forest Investment Company, 73 Fla. 191, 74 So. 216 (1917); 12 Fla.Jur.2d, Cotenancy and Partition, § 130; 59 Am.Jur.2d, Partition § 186.